UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ATOMO COFFEE, INC.,

        Plaintiff,

  v.

SARA MARQUART; and NXFOODS GMBH d/b/a QOA COMPANY,

        Defendants.

C21-1374 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiff's motion to remand, docket no. 11, is GRANTED. Plaintiff Atomo Coffee, Inc. is a Delaware corporation with its principal place of business in Washington. <u>See</u> Compl. at ¶ 1 (docket no. 1-2). Defendant NxFoods GmbH d/b/a QOA Company is a German limited liability company that is wholly owned by NxFoods, Inc., a Delaware corporation. <u>See</u> Defs.' Corp. Disclosure Stmt. (docket no. 4); Compl. at ¶ 3 (docket no. 1-2). Under Ninth Circuit jurisprudence, a limited liability company ("LLC") is a citizen of every state in which its members are citizens. <u>See Johnson v. Columbia Props. Anchorage, LP</u>, 437 F.3d 894, 899 (9th Cir. 2006). The Ninth Circuit has not yet addressed whether this rule applies to the foreign equivalent of a limited liability company, but a district court within the Ninth Circuit has treated a GmbH in the same manner as an LLC for purposes of assessing diversity of citizenship. <u>See Tele Munchen Fernseh GmbH & Co. Produktionsgesellschaft v. All. Atlantis Int'l Distrib., LLC.</u>, No. CV 13-5834, 2013 WL 6055328, *3–4 (C.D. Cal. Nov. 15, 2013) (citing <u>Machason v. Diamond Fin. LLC</u>, 347 F. Supp. 2d 53, 55 (S.D.N.Y. 2004), and <u>Hunley v. Glencore Ltd., Inc.</u>, No. 3:10-cv-455, 2012 WL 1071271, *9–10 (E.D. Tenn. Mar. 29, 2012)); <u>see also Mueller v. Potsch</u>, No. 4:11 CV 47, 2013 WL 1290836, *1 n.1

MINUTE ORDER - 1

(N.D. Ind. Mar. 28, 2013) (expressing doubt about whether a GmbH may be analogized to a corporation, as opposed to an LLC).  The analysis in *Tele Munchen* is consistent with *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990), in which the Supreme Court observed that, by federal statute, a corporation is a citizen of its State of incorporation and the State in which it has its principal place of business, see 28 U.S.C. § 1332(c), but no similar provision has been made for other artificial entities, and the question of whether to afford such treatment to enterprises other than corporations should be left to Congress.[1]  *See* 494 U.S. at 196–97.  Because plaintiff and defendant NxFoods GmbH are both citizens of Delaware, the Court lacks diversity jurisdiction and this case must be remanded.  The Court declines to award any attorney's fees or costs pursuant to 28 U.S.C. § 1447(c).

(2) Defendants' motion to dismiss for lack of personal jurisdiction, docket no. 13, is STRICKEN without prejudice to refile within twenty-one (21) days after the remand of this case is effectuated.

(3) The Clerk is DIRECTED to send a copy of this Minute Order to all counsel of record, to REMAND this matter to the King County Superior Court fifteen (15) days after the date of this Minute Order, and to CLOSE this case.

Dated this 6th day of January, 2022.

Ravi Subramanian
Clerk

s/Gail Glass
Deputy Clerk

---

[1] NxFoods GmbH's reliance on *Cohn v Rosenfeld*, 733 F.2d 625 (9th Cir. 1984), is misplaced. *Cohn* predated *Carden*, and it relied on *Puerto Rico v. Russell & Co.*, 288 U.S. 476 (1933), which has been limited to the Puerto Rican entity known as *sociedad en comandita* by both *Carden* and *United Steelworkers of Am., AFL-CIO v. R.H. Bouligny, Inc.*, 382 U.S. 145, 151–52 (1965) (noting that the effect of *Russell* was to contract, not broaden, the jurisdiction of the federal court in Puerto Rico).  *See Fellowes, Inc. v. Changzhou Xinrui Fellowes Office Eqpt. Co.*, 759 F.3d 787, 789 (7th Cir. 2014) ("*Russell* and its juridical-entity approach cover the *sociedad en comandita* and nothing else."); *see also id.* at 789–90 ("*Russell* does not mean that limited liability companies—organized within or outside the United States—have their own citizenships. Having held . . . that an American LLC has the citizenship of every member-investor, we are not about to establish a different rule for functionally identical entities established under other nations' laws.").

MINUTE ORDER - 2